IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TREY MANSFIELD,<br>    Plaintiff, | )<br>)<br>) |
| v. | ) Case No. _____<br>)<br>) |
| CITY OF MURFREESBORO, TENNESSEE,<br>    Defendant. | ) JURY DEMAND<br>)<br>) |

## COMPLAINT

Plaintiff Trey Mansfield, by and through counsel, files this Complaint against Defendant City of Murfreesboro, Tennessee and alleges as follows:

## INTRODUCTION

Plaintiff Trey Mansfield ("Plaintiff" or "Officer Mansfield") brings this action against the City of Murfreesboro seeking redress for retaliation by the Police Department of the City of Murfreesboro, Tennessee ("Defendant" or the "City"). Officer Mansfield was denied a well-deserved promotion because he participated in two (2) activities protected by federal law. First, he participated in an investigation in which he opposed unlawful discriminatory behavior by Major David Hudgens ("Major Hudgens"), a Major within the City's Police Department. Second, he actively participated in a proposed lawsuit against the City for violations of the Fair Labor Standards Act, 29 U.S.C. § 216(b), including signing the petition to opt in to the lawsuit. Upon becoming aware of Officer Mansfield's participation in both of these protected activities, Officer Mansfield's superiors began treating him in a hostile and retaliatory manner. Officer Mansfield reported this retaliatory conduct to the City and an investigation was conducted, resulting in minor

disciplinary action of Major Hudgens. However, the City did not remove Major Hudgens from Officer Mansfield's chain of command.

Following the investigation, Officer Mansfield applied for a newly-created position, Sergeant of the K9 unit. Despite the fact that Officer Mansfield had more experience in the K9 unit than any other police officer employed by the City and had already assumed an unofficial leadership role in the unit, Major Hudgens actively sought out another Sergeant to apply for the position. Upon Major Hudgens's recommendation, that Sergeant was ultimately selected for the position, though he had zero experience with police K9s. Officer Mansfield again put the City on notice that he believed this conduct to be retaliatory, but nothing was done to remediate the situation. Through this Complaint, Officer Mansfield seeks redress for the unlawful retaliatory conduct by the City.

## THE PARTIES

1. Plaintiff Trey Mansfield is a resident of Murfreesboro, Tennessee. He resides at 2315 Mercury Boulevard, Apartment G-1, Murfreesboro, Tennessee 37127.

2. Defendant City of Murfreesboro, Tennessee is a municipality located in the Middle District of Tennessee. Pursuant to Federal Rule of Civil Procedure 4(j)(2) and Tennessee Rule of Civil Procedure 4.04(8), service can be made on Defendant through its Attorney, Susan McGannon, 111 West Vine Street, Suite 149, Murfreesboro, Tennessee 37130.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 29 U.S.C. § 216(b) (Fair Labor Standards Act), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5.

4. Venue is proper in the Middle District of Tennessee pursuant to 28 U.S.C. § 1391(b) – (c) because the claim arose in this judicial district and because both parties reside within this judicial district.

## FACTUAL ALLEGATIONS

5. In 2011, Officer Mansfield actively participated in a proposed lawsuit against the City for violations of the Fair Labor Standards Act, 29 U.S.C. § 216(b). Officer Mansfield signed the petition to opt in to that lawsuit. Major Hudgens and Captain Cary Gensmer ("Captain Gensmer"), along with many others, are aware of Officer Mansfield's participation in that matter.

6. In 2012, Officer Mansfield participated in an internal investigation in which he opposed discriminatory behavior by Major Hudgens towards another officer. Major Hudgens is aware of Officer Mansfield's opposition to the discriminatory treatment.

7. Immediately after Major Hudgens became aware of Officer Mansfield's participation in the FLSA matter, he began to treat Officer Mansfield in such a hostile manner that Officer Mansfield made a formal complaint to the human resources department at the City about his actions.

8. The City investigated Major Hudgens's actions and determined that he should be disciplined. However, the City left Major Hudgens in Officer Mansfield's chain of command so that Officer Mansfield still reported to Major Hudgens on a regular basis, and the retaliatory treatment continued.

9. Officer Mansfield applied for a promotion to Sergeant of the K-9 unit, a newly created position. He was denied this promotion on October 24, 2013.

10. Officer Mansfield is the longest serving officer in the K9 unit for the City of Murfreesboro, and was the most qualified candidate that applied for the position, having devoted more than five (5) years to training and developing expertise regarding K9s and law enforcement.

11. Despite Officer Mansfield's obvious qualifications for the position, Major Hudgens personally solicited Sergeant Mark Wood ("Sergeant Wood"), to apply for the position.

12. Sergeant Wood had no experience with police canines but was ultimately selected for the position.

13. Upon information and belief, Sergeant Wood's selection was based upon the recommendation of Major Hudgens.

14. It has been necessary for Officer Mansfield to educate and train Sergeant Wood on the operation of the K9 unit, including how to handle a police canine.

15. No explanation was given to Officer Mansfield as to why he was not promoted.

16. Officer Mansfield filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about January 11, 2014, alleging retaliation. A copy of this Charge is attached hereto as Exhibit A.

17. Officer Mansfield received a Notice of Right to Sue from the EEOC dated May 20, 2014. A copy of this document is attached hereto as Exhibit B. This suit is filed within ninety (90) days of Officer Mansfield's receipt of the Dismissal and Notice of Right to Sue from the EEOC.

18. As a direct and proximate result of the retaliation by the City, Officer Mansfield has suffered and will continue to suffer mental anguish, lost wages and other lost benefits.

29. However, through Officer Roe's chain of command, it was recommended that he be suspended for five (5) days without pay.

30. This recommendation was approved by Chief Fields.

31. Ultimately, Chief Bowen corrected the obvious inequity.

32. In another instance, during their working hours, Sergeant Drew Darnell ("Sergeant Darnell") and Lieutenant Steve Jarrell ("Lieutenant Jarrell") caused every single post from Officer Roe's personal Facebook account to be printed from the City's computers.

33. This was done in an attempt to prove that Officer Roe had been "willfully idle or lazy" and was "dangerously close" to violating a non-existent anti-Facebook policy.

34. The sole purpose of these actions was to harass Officer Roe.

35. Major Hudgens then accused Officer Roe of "willfully lying" in a report related to this incident.

36. This was a completely baseless accusation.

37. In another instance of retaliation, Officer Roe was told that if he parked his personal vehicle in the City's parking garage, he would have to move it to a different parking space each week, even though his fellow officers parked there on a regular basis without this weekly requirement.

38. On another occasion, Captain Gensmer repeatedly made Officer Roe re-write a report for a hit and run accident to which Officer Roe had responded.

39. Captain Gensmer, who is not Officer Roe's direct superior, required Officer Roe to spend approximately four extra hours investigating and gathering information regarding the accident.

40. This was well beyond the scope of Officer Roe's normal duties.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A. Back pay, including all sums of money he would have earned, together with such other increases to which he would be entitled, had he been properly promoted;

B. Front pay and/or specific relief in the form of an Order requiring the City to promote him to Sergeant immediately;

C. Compensatory damages in an amount to be determined by the trier of fact to be fair and reasonable;

D. Prejudgment interest;

E. Liquidated damages;

F. Punitive damages;

G. Reasonable attorney fees and costs; and

H. Such other, further and general relief as this Court deems just and equitable.

## REQUEST FOR JURY TRIAL

Officer Mansfield hereby makes a demand for a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted,

THE SWAFFORD LAW FIRM, PLLC
Tara L. Swafford, BPR # 17577
Elizabeth G. Hart, BPR #30070
207 Third Avenue North
Franklin, Tennessee 37064
Telephone: (615) 599-8406
Facsimile: (615) 807-2355
tara@swaffordlawfirm.com
betsy@swaffordlawfirm.com