IN THE UNITED STATES FEDERAL DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TREY MANSFIELD, ) | |
| ) | |
| Plaintiff, ) | Case No. 3:14-cv-1396 |
| v. ) | Judge Sharp |
| ) | Magistrate Judge Bryant |
| CITY OF MURFREESBORO, TN ) | |
| ) | JURY DEMAND |
| Defendant. ) | |

**INITIAL CASE MANAGEMENT ORDER**

Pursuant to Local Rule 16.01, Plaintiff Trey Mansfield and Defendant City of Murfreesboro, Tennessee, by and through counsel, submit this Proposed Initial Case Management Order and respectfully request that it be entered by this Honorable Court.

A. <u>Jurisdiction</u>: This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 29 U.S.C. § 216(b) (Fair Labor Standards Act), and Title VII of the Civil Rights Act of 1964 42 U.S.C. § 2000e-5.

B. <u>Brief Theories of the Parties</u>:

1. <u>Plaintiff's Theory</u>: Plaintiff Trey Mansfield ("Officer Mansfield") is employed by Defendant City of Murfreesboro, Tennessee (the "City"). Officer Mansfield was denied a well-deserved promotion because of his participation in two activities protected by federal law. First, he participated in an investigation in which he opposed unlawful discriminatory behavior by Major David Hudgens ("Major Hudgens"), an employee of the City. Second, he actively participated in a proposed lawsuit against the City for violations of the Fair Labor Standards Act, 29 U.S.C. § 216(b), including signing the petition to opt in to the lawsuit. Upon becoming aware of Officer

1

Mansfield's participation in these protected activities, Officer Mansfield's superiors began treating him in a hostile and retaliatory manner, eventually denying him a promotion for a newly-created position, Sergeant of the K-9 unit. Officer Mansfield was the most qualified applicant for this position, having more experience in the K9 unit than any other police officer employed by the City, and having already assumed an unofficial leadership role in the unit. Notwithstanding those obvious qualifications, Major Hudgens actively sought out another Sergeant to apply for the position. Upon Major Hudgens's recommendation, this Sergeant was ultimately selected for the position, despite having zero experience with K9s. The Sergeant selected did not participate in the FLSA matter or the discrimination investigation.

2. <u>Defendant's Theory</u>: The City denies that it or any of Officer Mansfield's superiors retaliated against him as a result of his participation in the FLSA matter or any discrimination investigation. Officer Mansfield was not selected as the Sergeant of the K-9 unit because he was not the most qualified candidate to supervise the unit. Prior experience as a certified K-9 handler was not a qualification required for the position. Eight officers, including Officer Mansfield, applied for the newly-created position. All of the applicants were interviewed and ranked by a panel of officers that included two captains, two sergeants, and three police officers; the panel ranked the applicant ultimately selected for the position, Sergeant Mark Wood, as the most qualified candidate and Officer Mansfield as the fourth most qualified candidate. All of the applicants were subsequently interviewed by the Chief, Deputy Chief, and Assistant Chief of the Murfreesboro Police Department, who together ultimately selected Sergeant Wood for the position. The Chiefs selected Sergeant Wood for the position

because of his supervisory experience as a sergeant in the Uniformed Division and because he demonstrated better than any other candidate that he had the professional and interpersonal skills and qualities necessary to supervise the K-9 unit. Major Hudgens' opinion of the two finalists for the position—Sergeant Wood and Officer Ryan Holobaugh—was solicited by the Police Chief only after Officer Mansfield had been eliminated from consideration by the three chiefs.

C. <u>Issues Resolved</u>: Jurisdiction and venue.

D. <u>Issues in Dispute</u>: Liability and damages.

E. <u>Initial Disclosures</u>: The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before **September 16, 2014**.

F. <u>Discovery</u>: The parties shall complete all written discovery on or before **December 15, 2014**. Depositions of fact witnesses shall be completed by **February 15, 2015**. All discovery shall be completed by **February 15, 2015**, except Requests for Admission, which must be served by **February 20, 2015**. Discovery is not stayed during a dispositive motion, unless ordered by the Court. The deadline for filing discovery related motions is **February 28, 2015**. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Magistrate Judge Bryant.

G. <u>Motions to Amend</u>: The parties shall file all Motions to Amend on or before **January 15, 2015**.

H. <u>Disclosure of Experts</u>: Plaintiff shall identify and disclose all expert witnesses and expert reports on or before **February 28, 2015**. Defendant shall identify and disclose all expert witnesses and expert reports on or before **March 30, 2015**.

I. <u>Depositions of Expert Witnesses</u>: The parties shall depose all expert witnesses on or before **June 15, 2015**.

J. <u>Dispositive Motions</u>: The parties shall file all dispositive motions on or before **March 30, 2015**. Responses to dispositive motions shall be filed within thirty (30) days after the filing of the motion. Optional replies may be filed within ten (10) days after the filing of the response. Motion and response Memoranda are limited to 25 pages and a reply, if any is filed, is limited to five pages, absent Court permission for a longer pleading.

K. <u>Electronic Discovery</u>: The parties have reached an agreement on how to conduct electronic discovery. Therefore, the default standard contained in Administrative Order No. 174 need not apply to this case. Disclosure or discovery of electronically stored information ("ESI") will be handled as follows:

> Disclosure or discovery of ESI will be handled by producing ESI in hard-copy or static form (e.g., searchable .pdf or .TIF), thereby allowing documents produced to be indexed and individually marked through "bates" stamping. If ESI is a subject of discovery within the scope of Federal Rule of Civil Procedure 26, it should be requested with as much specificity/particularity as possible to minimize the required expense. Consistent with the Federal Rule of Civil Procedure 34(b)(iii), the parties will presumptively need not produce the same ESI in more than one form; however, after the production of ESI in a hardcopy or static form, the parties may request disclosure of metadata or native files for particular documents where good cause has been demonstrated, e.g. when the original creation date of a document is at issue and disputed, or when a static image is not reasonably usable, e.g. when a .pdf image is unable to capture/display all column/information

contained in a spreadsheet such as an Excel file. The parties have taken reasonable measures to preserve potentially discoverable information.

If a producing party inadvertently or mistakenly produces information, documents or tangible items that should have been withheld subject to a claim of attorney-client privilege or work product immunity, such production shall not prejudice such claim or otherwise constitute a waiver of any claim of attorney-client privilege or work product immunity for such information, provided that the producing party promptly makes a good-faith representation that such production was inadvertent or mistaken and takes prompt remedial action to withdraw the disclosure upon its discovery. Within three (3) business days of receiving a written request to do so from the producing party, the receiving party shall return to the producing party any documents or tangible items that the producing party represents are covered by a claim of attorney-client privilege or work product immunity and were inadvertently or mistakenly produced. The receiving party shall also destroy all copies or summaries of, or notes relating to, any such inadvertently or mistakenly produced information; provided, however, that such an order shall not preclude the party returning such information from making a motion to compel production of the returned information on a basis other than a waiver because of its inadvertent production as part of a discovery production. The producing party shall retain copies of all returned documents and tangible items for further disposition.

L. <u>Subsequent Case Management Conference</u>: The parties shall participate in a subsequent case management conference with Magistrate Judge Bryant on January 15, 2015 at 9:30

a.m. This conference will be conducted by telephone, and counsel for Plaintiff shall initiate the call.

M. <u>Estimated Trial Time</u>: The parties expect the trial to last approximately three days.

N. <u>Trial</u>: Jury trial is set to begin on August 25, 2015, at 9:00 a.m. A pretrial conference shall be held on August 10, 2015, at 2:00 p.m. before Judge Sharp.

It is so **ORDERED**.

           <u>s/ John S. Bryant</u>
           JOHN S. BRYANT
           United States Magistrate Judge

APPROVED FOR ENTRY:

<u>/s/ Tara L. Swafford</u>
THE SWAFFORD LAW FIRM, PLLC
Tara L. Swafford, BPR # 17577
Elizabeth G. Hart, BPR # 30070
207 Third Avenue North
Franklin, Tennessee 37064
Telephone: (615) 599-8406
Facsimile: (615) 807-2355
tara@swaffordlawfirm.com
betsy@swaffordlawfirm.com
*Attorneys for Plaintiff*

<u>/s/ Adam F. Tucker</u>
Adam F. Tucker, BPR #028489
111 West Vine Street, P.O. Box 1044
Murfreesboro, TN 37133-1044
Telephone: (615) 849-2616
Facsimile: (615) 849-2662
atucker@murfreesborotn.gov
*Attorney for Defendant*